IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR POWERS, | ) | CASE NO. 1:08CV0505 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| WARDEN BOBBY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is Cesar Powers' ("Powers") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on February 28, 2008. Powers is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a conviction in the case of *State v. Powers,* Case No. CR-04-450568-ZA (Cuyahoga County 2004). For the reasons set forth below the magistrate judge recommends that the court deny Powers' petition.

I

The state appellate court reviewing Powers' conviction found the following facts to be relevant to his case:

> {¶ 1} Appellant, Cesar Powers, appeals his conviction in the common pleas court following a jury trial. He contends his conviction should be vacated because the record is devoid of evidence that force or threat of force was used in committing the offenses. After reviewing the record and the arguments of the parties, we affirm appellant's conviction.
>
> {¶ 2} On April 9, 2004, appellant was indicted by the Cuyahoga County Grand Jury in a multiple count indictment, which was based upon multiple occurrences of sexual

abuse committed by appellant against his son and step-daughter.

{¶ 3} Counts one through five charged appellant with crimes committed against his step-daughter: Counts one and two charged him with rape, in violation of R.C. 2907.02; Counts three and four charged him with felonious sexual penetration, in violation of R.C. 2907.12; Count five charged him with kidnapping, in violation of R.C. 2905.01.

{¶ 4} Counts six through eight charged appellant with crimes committed against his son: Count six charged him with gross sexual imposition with a sexually violent predator specification, in violation of R.C. 2907.05; and Counts seven and eight charged him with kidnapping with sexual motivation and sexually violent predator specifications, in violation of R.C. 2905.01.

{¶ 5} This appeal specifically pertains to the charges concerning the sexual assaults against appellant's step-daughter, I.W.. I.W. was born on May 19, 1978. She had three siblings and lived with her mother and younger brother, C.W.. When I.W. was approximately 12 years old, her mother married appellant. Around that same period of time, while walking I.W. to or from school, appellant grabbed her hand and led her toward a nearby abandoned school building stating he wanted to teach her about sex. He stopped when a passerby yelled out to them. I.W. did not inform anyone of this incident because appellant convinced her that no one would believe her word over his.

{¶ 6} Months later, I.W. awoke one night to discover appellant naked and lying on top of her. She protested and told him to get off her, but he refused and told her to stop resisting and to be quiet. He then spat on his fingers and inserted them into her vagina. He then removed his fingers and inserted his penis into her vagina. I.W. stated that during the assault, she went numb and laid there to wait for it to be over. Afterward, appellant again convinced I.W. not to tell her mother and gave her money as an apparent bribe.

{¶ 7} A similar assault occurred several months later. This time, I.W. was watching television when appellant told her he needed to talk to her. He left the room, but returned naked and stood over her. Appellant again inserted first his fingers and then his penis into her vagina. I.W. stated that she again went numb and laid there waiting for it to be over. She again did not immediately tell anyone of this assault.

**\*2** {¶ 8} In December 2003, I.W.'s mother asked her to listen to her brother, C.W., who was talking about sexual abuses he endured at the hands of appellant. At that time, I.W. informed her mother that she believed C.W., and she described the assaults by the appellant that she had endured. At that point, the police were notified, as was Children and Family Services.

{¶ 9} On April 22, 2004, appellant was arraigned and pleaded not guilty to the

indictment. On September 27, 2004, he filed a Motion to Sever Counts, which the trial court granted on October 25, 2004. In granting this motion, the trial court held that the evidentiary rules required that counts one through five be tried separately from counts six through eight.

{¶ 10} On November 15, 2004, a jury trial began on counts one through five. At trial, I.W. explained that she looked up to appellant as a parental figure, and she felt he had authority over her. She also testified that she attempted to stop him, both verbally and physically, when he assaulted her, but was unable to stop him.

{¶ 11} At trial, appellant moved the trial court for a Crim .R. 29 acquittal, which was denied. On November 19, 2004, he was convicted of two counts of felonious sexual penetration with the jury finding that he used force or the threat of force to commit the offenses as charged in counts three and four of the indictment. He was found not guilty of counts one and two of the indictment, and count five was dismissed by the state prior to deliberations.

{¶ 12} On December 16, 2004, the trial court imposed mandatory sentences of life in prison on each count and found appellant to be a habitual sexual offender pursuant to H.B. 180.

{¶ 13} The trial court subsequently turned its attention to the remaining counts in the original indictment (Counts six through eight), however, due to a lack of available jurors, the trial court was unable to immediately commence proceedings on the remaining counts. Furthermore, because the sitting judge was retiring and a new judge would be taking over the docket at the start of the new year, the initiation of proceedings on these counts was set for January 18, 2005 before the new judge.

{¶ 14} On May 9, 2005, the trial court held a hearing that ultimately disposed of the remaining counts in the original indictment (counts six through eight). Pursuant to a plea agreement, which amended count six to attempted gross sexual imposition without specifications, appellant entered a plea of no contest, and the remaining counts were nolled. Appellant was sentenced to one year incarceration, to be served concurrent with the life sentences imposed on the convictions for felonious sexual penetration.

*State v. Powers*, 2006 WL 1044607, *1-*2 (Ohio App. April 20, 2006) (footnotes omitted).

Powers filed a motion for delayed appeal within the 30-day period required to file a timely notice of appeal. His brief in support of his motion asserted a single assignment of error:

The trial court erred in failing to grant the defendant-appellant's motion for judgment

3

>of acquittal pursuant to Rule 29(A) Ohio Rules of Criminal Procedure, in that the state of Ohio did not introduce sufficient evidence of the use or threatened use of force to support the specification.

(Capitalization altered from the original). On May 1, 2006, the state appellate court affirmed the judgment of the trial court and remanded the case to the trial court for execution of sentence.

Powers timely filed in the Ohio Supreme Court a *pro se* notice of appeal on June 12, 2006. Powers asserted a single proposition of law in his memorandum in support of jurisdiction:

>The trial court erred in failing to grant the defendant-appellant motion for judgment of acquittal pursuant to Rule 29(A) Ohio Rules of Criminal Procedure, in that the state of Ohio did not introduce sufficient evidence of the used [sic] or threatened use of force to support the specification.

(Capitalization altered from the original). On October 4, 2006, the Ohio Supreme Court dismissed Powers' appeal as not involving any substantial constitutional question.

On July 28, 2006, Powers filed an untimely application to reopen his direct appeal pursuant to Ohio App. R. 26(B). Powers asserted that appellate counsel had rendered ineffective assistance by failing to raise in the state appellate court the claims that (1) his convictions for felonious sexual penetration were invalid because the statute under which that conviction had been obtained was repealed prior to Powers' indictment and (2) his convictions were barred by the applicable statute of limitations. On November 15, 2006, the state appellate court denied Powers' application as without merit and as barred by *res judicata*.

Also on July 28, 2006, Powers filed in the state appellate court an untimely

4

application to reconsider its opinion pursuant to Ohio App. R. 26(A) ("R. 26(A)").[1] Powers asserted that his conviction for felonious sexual penetration was invalid because the statute had been repealed prior to his indictment. The state appellate court denied Powers' application to reconsider without opinion on August 2, 2006, and Powers did not appeal this decision.

Powers timely filed in the Ohio Supreme Court a notice of appeal of the denial of his application to reopen his appeal. In his memorandum in support of jurisdiction, Powers asserted that an appellate counsel is ineffective when he fails to raise in the appellate court as assignments of error (1) the repeal of a law under which a defendant is conviction prior to the defendant's indictment and (2) a conviction barred by the relevant statute of limitations. On February 28, 2007, the Ohio Supreme Court dismissed Powers appeal as not involving any substantial constitutional question.

On February 28, 2008 Powers filed in this court a petition for a writ of habeas corpus. Powers asserted three grounds for relief in his petition:

    A.    Ground one:

    Supporting facts: The victim testified in court that I never used force or threatened to use force.

    B.    Ground two:

    Supporting facts: Being convicted under a repealed statute, after being found innocent of a statute with the exact same elements. For facing multiple prosecutions for the same offense, then being convicted by means of double jeopardy.

---

[1] Rule 26(A) requires that an application for reconsideration be filed within ten days of the announcement of the court's decision. The state appellate court's decision was announced no later than May 1, 2006. Powers did not file his application to reconsider until July 28, 2006.

5

    C.    Ground three:

        Supporting facts:  Statute of limitations was barred under six year statue of limitations for this statute.

(Spelling altered from the original).  On June 18, 2008, Powers filed a supplement to his petition.  Doc. No. 10.  In his supplement, Powers asserted three claims:  (1) there was insufficient evidence that Powers used force or a threat of force to commit felonious sexual penetration; (2) the verdict finding him not guilty of rape but guilty of felonious sexual penetration with a force or threat or force specification were inconsistent because the elements for both crimes are identical; and (3) the trial court erred in convicting him under sections of a statute that had been repealed 30 years prior to his conviction.

Respondent filed a Return of Writ on June 27, 2008.  Doc. No. 11.  Powers filed a Traverse on July 18, 2008.  Doc. No. 13.  Thus, the petition is ready for decision.

II

*A.*    *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).  Title 28 U.S.C. § 2254(a) provides in relevant part, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Powers was convicted and sentenced in Cuyahoga County, Ohio. This court has jurisdiction over his claims.

*B.  Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All Powers' claims involve legal issues which can be independently resolved without additional factual inquiry.

*C.  Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). Federal courts lack jurisdiction to consider any claim that was not fairly presented to the state courts. *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168, 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the

state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Fair presentment of a claim in a federal constitutional context requires a petitioner to apprise the state courts that a claim is a federal claim, "not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner need not cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278, to apprise state courts that his claim is based on federal law:

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law.

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *see also Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir. 1982)).

Because Powers has no remaining state remedies, his claims have been exhausted.

D.    Procedural default

Respondent argues that Powers has defaulted all his grounds for relief except his claim that there was insufficient evidence presented at trial to support a specification that Powers used force or the threat of force to commit felonious sexual penetration.  Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S.

72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If the state argues that a petitioner has procedurally defaulted, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The nature of all of Powers' claims is not entirely clear. What *is* clear, however, is that he has procedurally defaulted all his claims except for the claim that there was insufficient evidence presented at trial to support a specification that Powers used force or the threat of force to commit felonious sexual penetration. This claim was considered by the state appellate court on direct appeal and timely raised in the Ohio Supreme Court

9

following the direct appeal to the state appellate court.

The claims of ineffective assistance of appellate counsel that Powers raised in his application to reopen were not fairly presented to the Ohio Supreme Court.  Although the state appellate court considered the merits of Powers' claims of ineffective assistance of appellate counsel, the court also found the claims to be procedurally barred by *res judicata*. "[A] state court may uphold a defendant's conviction both on the merits and on procedural grounds.   In such circumstances, *Hockenbury* [*v. Sowders,* 620 F.2d 111 (6th Cir.1980), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981) ] teaches that the procedural ground is a substantial basis of the state court's decision and that review of the merits on habeas is barred."  *Ewing v. McMackin*, 799 F.2d 1143, 1149 (6th Cir. 1986) (quoting *Gilbert v. Parke,* 763 F.2d 821, 825 (6th Cir. 1985)).  The appellate court found Powers' claims of ineffective assistance of appellate counsel to be procedurally barred by *res judicata* because they could have been raised in the Ohio Supreme Court on direct appeal.  *Res judicata* for failure to raise an issue on direct appeal is an adequate and independent ground on which Ohio may rely to foreclose habeas review.  *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001).

Powers asserts as cause for his default that appellate counsel had a conflict of interest preventing him from raising his own ineffectiveness.  But Powers defaulted his claims of ineffective assistance of appellate counsel by failing to raise them in the Ohio Supreme Court, where Powers was proceeding *pro se*.  Thus, there was no conflict of interest affecting appellate counsel because Powers was not at that time represented by counsel.  Powers' assertion of a conflict of interest as a cause for his default of his claims of ineffective assistance of appellate counsel, therefore, is without merit.  This court may

not consider, therefore, Powers' claims of ineffective assistance of appellate counsel.

Similarly, any claim raised in Powers' application for reconsideration was not properly presented to the Ohio Supreme Court. Powers' application to the state appellate court was untimely, and the state appellate court dismissed these claims without opinion. Where the state courts are silent as to the reasons for denying a petitioner's claim, the Sixth Circuit has applied the presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Thus, this court must assume that the state appellate court dismissed Powers' application for reconsideration as untimely. Moreover, Powers never presented these claims to the Ohio Supreme Court. They are, therefore, procedurally defaulted for the additional reason that he failed to present the claims fairly to the highest court in the state.

No other claims of error were presented to the state appellate court or the Ohio Supreme Court. Therefore, all of Powers' claims have been procedurally defaulted except for the claim that there was insufficient evidence presented at trial to support a specification that Powers used force or the threat of force to commit felonious sexual penetration. For these reasons, the court should dismiss as procedurally defaulted all of Powers claims except for his claim that insufficient evidence supported his conviction for felonious sexual penetration.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

11

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 405 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* "A state-court decision will certainly be contrary to our clearly established

12

precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (2001). If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply. *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.* This court will consider Powers' remaining claim under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

Powers contends that he was denied due process because the state presented insufficient evidence at trial to support a specification that Powers used force or the threat of force to commit felonious sexual penetration. Respondent responds that this contention is without merit.

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *In re Winship*, 397 U.S. 358, 363-64 (1970). The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995). In addition, a habeas court resolves all conflicting inferences in favor of the prosecution, and does not

13

weigh the credibility of witnesses. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983), *cert. denied*, 464 U.S. 962 (1983). The evidence need not be sufficient to convince the habeas court of the petitioner's guilt beyond a reasonable doubt. *Fuller v. Anderson*, 662 F.2d 420, 435 (6th Cir. 1981), *cert. denied*, 455 U.S. 1028 (1982). Circumstantial evidence may support a conviction, *Tilley v. McMackin*, 989 F.2d 222, 225 (6th Cir. 1993), and such evidence need not remove every reasonable hypothesis except that of guilt. *Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992).

The state appellate court reviewing and rejecting this assignment of error on appeal made the following relevant findings of fact:

{¶ 25} Here, appellant was convicted of felonious sexual penetration, pursuant to former R.C. 2907.12, which reads in pertinent part:

{¶ 26} "(A)(1) No person, without privilege to do so, shall insert any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another who is not the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

{¶ 27} " * * *

{¶ 28} "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶ 29} " * * *

{¶ 30} "(B) * * * If the offender * * * purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."

{¶ 31} The issue on appeal is whether there was competent, credible evidence presented by the state to establish the element of force, as described in subsection (B) of the above statute.

{¶ 32} "Subsection (B) of Section 2907.12 is, in all material regards, identical to subsection (B) of Section 2907.02 (dealing with the crime of rape). In *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, the Ohio Supreme Court noted that the degree of force necessary for imposition of a sentence of life imprisonment

> for the crime of rape is related to the age, size and strength of the parties, as well as to the relationship between the predator and the victim. 'With the filial obligation of obedience to a parent, the same degree of force and violence may not be required upon a person of tender years, as would be required were the parties more nearly equal in age, size, and strength.' Id. at paragraph one of the syllabus. The same considerations apply to subsection (B) of Section 2907.12." *State v. Rosak* (1993), Summit App. No. 15851.
>
> {¶ 33} In the case at bar, the victim was appellant's own step-daughter, and she was under 13 years of age at the time she was sexually assaulted by appellant. The record indicates that the victim looked up to appellant and saw him as a father figure with authority over her. The record further shows that the victim attempted, both verbally and physically, to get appellant to stop the assaults, but was unsuccessful because of her young age.
>
> {¶ 34} Because of his age and status as her step-father, appellant was able to manipulate the victim, both physically and mentally. The record clearly demonstrates competent and credible evidence in support of his convictions, including the finding of the use of force or threat of force. Furthermore, when viewing the evidence in a light most favorable to the prosecution, it is clear that a rational trier of fact could have found that all the essential elements of the crime had been proven beyond a reasonable doubt.
>
> {¶ 35} Therefore, the trial court did not err in denying appellant's motion for acquittal, and his sole assignment of error is without merit.

*State v. Powers*, 2006 WL 1044607, *3-*4 (Ohio App. April 20, 2006).

Powers makes no attempt to demonstrate by clear and convincing evidence that the state appellate court's above factual findings were erroneous.[2]  Having failed to demonstrate by clear and convincing evidence that the state court's findings of fact were in error, this court must presume that those findings were correct and conclude that there was sufficient evidence presented at trial to allow a rational trier of fact to find powers guilty of using force or the threat of force to commit felonious sexual penetration.  *See Sumner*

---

[2]  To the extent that Powers' sufficiency of evidence argument is an attack on the state courts' interpretation and application of state law, he raises a state law question that federal courts lack authority to review.  *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

*v. Mata*, 455 U.S. 591, 597 (1982) (per curiam).  Powers' remaining ground for relief, therefore, is without merit and should be overruled.

IV

For the reasons given above the magistrate judge recommends that the court deny Powers' petition.

Dated:  September 11, 2008            s\ Nancy A. Vecchiarelli
                                                               Nancy A. Vecchiarelli
                                                                United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v.Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**